UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

William K. Mann, Jr. and Vicki Mann,

        Claimants,

        vs.

United States of America,

        Defendant.
_____

COMPLAINT

_____ - CV - _____

6:15-CV-645 [MAD/ATB]

Claimants, William K. Mann, Jr. and Vicki Mann, by and through their attorneys, Powers & Santola, LLP, as and for a complaint against the Defendant, United States of America, allege that at all times hereinafter mentioned:

## INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence and medical malpractice in connection with medical care provided to Claimant William K. Mann, Jr. by the Department of Veterans Affairs at the Syracuse Veteran Affairs Medical Center located at 800 Irving Avenue, Syracuse, NY 13210.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Claimants have fully complied with the provisions of 28 U.S.C. §2675 of the Federal

Tort Claims Act. Standard Forms 95 without medical records are attached as Exhibit 1.

4. On October 3, 2014, Claimant, William K. Mann, Jr. filed a form 95, Claim for Injury, Damage or Death with the United States Department of Veterans Affairs, Office of Regional Counsel, Region 21, Syracuse Area Office, 800 Irving Avenue, Syracuse, New York 13210, by certified mail, which claim was acknowledged to have been received by the agency's Regional Counsel as of October 16, 2014.

5. On October 3, 2014, Claimant, Vicki Mann, filed a form 95, Claim for Injury, Damage or Death with the United States Department of Veterans Affairs, Office of Regional Counsel, Region 21, Syracuse Area Office, 800 Irving Avenue, Syracuse, New York 13210, by certified mail, which claim was acknowledged to have been received by the agency's Regional Counsel as of October 16, 2014.

6. On May 18, 2015, the Claims of William K. Mann, Jr. and Vicki Mann against the United States Department of Veterans Affairs were denied and as such, they may proceed with this action. The denial is attached as Exhibit 2.

## PARTIES, JURISDICTION AND VENUE

7. At all time herein mentioned, Claimant William K. Mann, Jr. and Claimant Vicki Mann were, and still are husband and wife.

8. At all times hereinafter mentioned, the Claimants were and still are residents of the City of Utica, County of Oneida and State of New York.

9. Upon information and belief, Defendant, United States of America, through its agency, the Department of Veteran Affairs, operates the Veterans Affairs Medical Center located at 800 Irving Avenue, Syracuse, NY 13210.

10. Upon information and belief, the Syracuse Veteran Affairs Medical Center (hereinafter "Syracuse VA Medical Center"), was and is a health care facility that held themselves out to the Claimant and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Claimant.

11. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of Syracuse VA Medical Center, including John C. Sanborn, M.D., were employed by and/or acting on behalf of the Defendant.

12. That upon information and belief, at all times herein relevant, John C. Sanborn, M.D. was a practicing medical doctor, licensed to practice medicine in the State of New York, who specialized in the field of radiology.

13. Upon information and belief and at all times material hereto, including May 25, 2011 and for some time thereafter, John C. Sanborn, M.D., was an employee of the defendant.

14. That upon information and belief, at all times relevant hereto, John C. Sanborn, M.D. was a duly authorized agent of the Syracuse VA Medical Center, and was acting within the scope of his employment and agency.

15. Upon information and belief, and at all times herein mentioned, John C. Sanborn, M.D. held himself out to the Claimant, William K. Mann, Jr., as being a physician who was competent and qualified in the field of radiology.

16. Upon information and belief, the Claimant, William K. Mann, received medical care, treatment, examinations, diagnostic testing and/or other medical

procedures commencing on or about 2011, and continuing through at least August 2014, at various VA Medical Centers in a continuing course of treatment.

17. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

18. Venue is proper under 28 USC §1402(b) in that the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

## FACTUAL ALLEGATIONS

19. Upon information and belief, on May 25, 2011, the Claimant, William K. Mann, jr. presented himself for medical care and treatment at the Syracuse VA Medical Center at the office located at 800 Irving Avenue, Syracuse, New York 13210

20. Upon information and belief, on May 25, 2011, the Claimant, William K. Mann, Jr. while at Syracuse VA Medical Center came under the care of its employee, John C. Sanborn, M.D.

21. Upon information and belief, on May 25, 2011, the Claimant, William K. Mann, Jr. underwent a chest x-ray read, interpreted and reported by John C. Sanborn, M.D.

22. Upon information and belief, John C. Sanborn, M.D. negligently failed to properly read, interpret and report the chest x-ray of May 25, 2011.

23. Upon information and belief, John C. Sanborn, M.D. negligently failed to report that the chest x-ray of May 25, 2011 shows a mass in William K. Mann, Jr.'s lung.

24. Upon information and belief, John C. Sanborn, M.D., negligently failed to inform the Claimant, William K. Mann, Jr. or to advise the other medical care providers of Syracuse VA Medical Center that the chest x-ray of May 25, 2011 shows a mass in his lung.

25. Upon information and belief, Syracuse VA Medical Center, through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., negligently failed to inform the Claimant, William K. Mann, Jr. that the chest x-ray of May 25, 2011 shows a mass in his lung.

26. That as a result of the negligence of Syracuse VA Medical Center through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., the Claimant was not timely diagnosed and/or appropriately treated for lung cancer.

27. That as a result of the negligence of Syracuse VA Medical Center through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., the Claimant was not diagnosed with lung cancer until August 2014.

28. One or more of the exceptions set forth in CPLR Section Sixteen Hundred Two applies to this action or claim for damages, including, but not limited to the "non-delegable duty" and "respondeat superior" liability provisions of §1602(2).

## AS AND FOR A FIRST CLAIM AGAINST ALL DEFENDANTS

29. Claimants repeat and reallege all of the allegations in this Complaint marked and designated "1" through "28" with the same force and effect as if herein set forth at length, and further allege that:

30. That the defendant, individually and/or jointly and severally and/or collectively and/or acting through their agents, servants, employees, associates and/or contractors, carelessly and negligently rendered medical care and treatment to

the Claimant, William K. Mann, Jr. which was not in accordance with good and accepted medical practices and/or said defendants failed to provide him with medical care and treatment that was within the boundaries of good and accepted standards.

31. That by reason of the negligence of the defendant, individually and/or jointly and severally and/or collectively and/or through their agents, servants, employees, associates and/or contractors, Claimant, William K. Mann, jr. was caused to sustain severe, catastrophic and irreparable physical and mental injuries and damages, as well as conscious physical and mental pain and suffering.

32. That by reason of the above, the Claimant, William K. Mann, Jr. has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS

33. Claimants repeat and reallege all of the allegations in this Complaint marked and designated "1" through "28," and "30" through "31," with the same force and effect as if herein set forth at length, and further alleges that:

34. That at no time during the aforementioned care and treatment from May, 2011 until August, 2014 did the defendant, individually and/or jointly and severally and/or collectively and/or acting through their agents, servants, employees, associates, contractors, principals and/or other designees, including C. Brent Olmstead, M.D., orally or in writing, properly advise the Claimant, William K. Mann, jr. of the chest x-ray results or of the possible risks and dangers, or of the possibility of permanent injuries and damages occurring to his body as a result of

the medical care and treatment that was rendered, or the medical care and treatment that should have been rendered under the circumstances then and there presenting, nor was the Claimant ever advised that he may suffer severe personal injuries or damages and, had the defendants or any of their agents, servants, employees, associates, contractors and/or designees informed or advised the Claimant of the possible risks and dangers involved, he would not have been lulled into a false sense of security and would not have consented to the treatment rendered, or the lack thereof, which resulted in his injuries and damages.

35. That reasonably prudent persons in the Claimant's position would not have consented to, undergone the course of treatment prescribed by the defendant, that was rendered to the Claimant had he been fully informed, and such a lack of informed consent is a further proximate cause of the injuries and damages sustained by William K. Mann, Jr. for which recovery is sought.

36. By reason of the aforesaid, the Claimant, William K. Mann, Jr. has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

37. Claimants repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "28", and "30" through "31", and "34" through "35" with the same force and effect as if more fully set forth here and further alleges:

38. As the wife of William K. Mann, Jr. Claimant, Vicki Mann was entitled to the

services, society and companionship of her husband.

39. By reason of the facts aforesaid Claimant, Vicki Mann, was deprived of the services, society and companionship of William K. Mann, Jr., her husband.

40. By reason of the foregoing, Claimant, Vicki Mann, has been damaged in a sum of money having a present value of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00).

**WHEREFORE**, Claimants demand judgment against the defendants:

A. On the First Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

B. On the Second Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

C. On the Third Cause of Action, in a sum of money having a present value of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00);

D. Together with the costs and disbursements of this action.

DATED: May 21, 2015

*/s/ Margie A. Soehl*
Margie A. Soehl
USDC NDNY Bar Roll #516092
POWERS & SANTOLA, LLP
Attorneys for Plaintiffs
Office and P.O. Address
39 North Pearl Street
Albany, New York 12207
msoehl@powers-santola.com
(518) 465-5995

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

William K. Mann, Jr. and Vicki Mann,

        Claimants,

vs.

United States of America,

        Defendant.

---

CERTIFICATE OF MERIT
_____ - CV - _____

STATE OF NEW YORK )
                            )
COUNTY OF ALBANY )

      Margie A. Soehl an attorney duly licensed to practice law in the State of New York hereby affirms, pursuant to Section 2106 of the CPLR, the following:

      1.  I have reviewed the facts of this case and have consulted with at least one doctor whom I believe is knowledgeable in the relevant issues and I have concluded that there is a reasonable basis for this action.

      2.  That this certification is being made pursuant to Section 3012-a (a) (1) of the CPLR.

DATED: May 21, 2014

                                          _____
                                          Margie A. Soehl
                                          USDC NDNY Bar Roll #516092