UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Christina M. Mann and William K. Mann, III, Co-Executors of the Estate of William K. Mann, Jr., and Vicki Mann,

      Plaintiffs,

vs.

United States of America,

      Defendant.

**AMENDED COMPLAINT**

Civil Action No. 6:15-CV-645
[MAD/ATB]

---

Plaintiffs, Christina M. Mann and William K. Mann, III, Co-Executors of the Estate of William K. Mann, Jr., and Vicki Mann, by and through their attorneys, Powers & Santola, LLP, as and for a complaint against the Defendant, United States of America, allege that at all times hereinafter mentioned:

## INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence and medical malpractice in connection with medical care provided to plaintiff's decedent William K. Mann, Jr. by the Department of Veterans Affairs at the Syracuse Veteran Affairs Medical Center located at 800 Irving Avenue, Syracuse, NY 13210.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. Standard Forms 95, without medical records, are attached as Exhibit 1.

4. On October 3, 2014, Plaintiff's decedent, William K. Mann, Jr. filed a form 95, Claim for Injury, Damage or Death with the United States Department of Veterans Affairs, Office of Regional Counsel, Region 21, Syracuse Area Office, 800 Irving Avenue, Syracuse, New York 13210, by certified mail, which claim was acknowledged to have been received by the agency's Regional Counsel as of October 16, 2014.

5. On October 3, 2014, Plaintiff, Vicki Mann, filed a form 95, Claim for Injury, Damage or Death with the United States Department of Veterans Affairs, Office of Regional Counsel, Region 21, Syracuse Area Office, 800 Irving Avenue, Syracuse, New York 13210, by certified mail, which claim was acknowledged to have been received by the agency's Regional Counsel as of October 16, 2014.

6. On May 18, 2015, the Claims of William K. Mann, Jr. and Vicki Mann against the United States Department of Veterans Affairs were denied and as such, they may proceed with this action. The denial is attached as Exhibit 2.

## PARTIES, JURISDICTION AND VENUE

7. Vicki Mann was and is a resident of the City of Utica, County of Oneida and State of New York.

8. Vicki Mann was the lawful wife of the Plaintiff's decedent, William K. Mann, Jr.

9. William K. Mann, Jr. died on March 3, 2016 in Utica, New York.

10. At the time of his death, William K. Mann, Jr. was a resident of the City of Utica, County of Oneida, State of New York.

11. Christina M. Mann and William K. Mann, III are the children of Plaintiff's decedent,

William K. Mann, Jr.

12. On the 18th day of July, 2016, by a Decree of the Oneida County Surrogate Court, Christina M. Mann and William K. Mann, III were issued Letters Testamentary for the Estate of William K. Mann, Jr., appointing Christina M. Mann and William K. Mann, III as Co-Executors of the Estate of William K. Mann, Jr.

13. That those Letters of Testamentary remain in full force and effect.

14. Upon information and belief, Defendant, United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 800 Irving Avenue, Syracuse, NY 13210.

15. Upon information and belief, the Syracuse Veterans Affairs Medical Center (hereinafter "Syracuse VA Medical Center"), was and is a health care facility that held itself out to the Plaintiff decedent and his eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff's decedent.

16. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of Syracuse VA Medical Center, including John C. Sanborn, M.D., were employed by and/or acting on behalf of the Defendant.

17. That upon information and belief, at all times herein relevant, John C. Sanborn, M.D. was a practicing medical doctor, licensed to practice medicine in the State of New York, who specialized in the field of radiology.

18. Upon information and belief, and at all times material hereto, including May 25, 2011, and for some time thereafter, John C. Sanborn, M.D., was an employee of the defendant.

3

19. That upon information and belief, at all times relevant hereto, John C. Sanborn, M.D. was a duly authorized agent of the Syracuse VA Medical Center, and was acting within the scope of his employment and agency.

20. Upon information and belief, and at all times herein mentioned, John C. Sanborn, M.D. held himself out to the Plaintiff's decedent William K. Mann, Jr., as being a physician who was competent and qualified in the field of radiology.

21. Upon information and belief, the Plaintiff's decedent, William K. Mann, Jr., received medical care, treatment, examinations, diagnostic testing and/or other medical procedures commencing on or about 2011, and continuing through at least August 2014, at various VA Medical Centers in a continuing course of treatment.

22. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

23. Venue is proper under 28 USC §1402(b) in that the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

## FACTUAL ALLEGATIONS

24. Upon information and belief, on May 25, 2011, the Plaintiff's decedent, William K. Mann, Jr. presented himself for medical care and treatment at the Syracuse VA Medical Center at the office located at 800 Irving Avenue, Syracuse, New York 13210

25. Upon information and belief, on May 25, 2011, the Plaintiff's decedent, William K. Mann, Jr. while at Syracuse VA Medical Center came under the care of its employee, John C. Sanborn, M.D.

26. Upon information and belief, on May 25, 2011, the Plaintiff's decedent, William K. Mann, Jr. underwent a chest x-ray read, interpreted and reported by John C. Sanborn, M.D.

27. Upon information and belief, John C. Sanborn, M.D. negligently failed to properly read, interpret and report the chest x-ray of May 25, 2011.

28. Upon information and belief, John C. Sanborn, M.D. negligently failed to report that the chest x-ray of May 25, 2011 shows a mass in William K. Mann, Jr.'s lung.

29. Upon information and belief, John C. Sanborn, M.D., negligently failed to inform the Plaintiff's decedent, William K. Mann, Jr., or to advise the other medical care providers of Syracuse VA Medical Center, that the chest x-ray of May 25, 2011 showed a mass in his lung.

30. Upon information and belief, Syracuse VA Medical Center, through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., negligently failed to inform the Plaintiff's decedent, William K. Mann, Jr. that the chest x-ray of May 25, 2011 showed a mass in his lung.

31. That as a result of the negligence of Syracuse VA Medical Center through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., the Plaintiff's decedent was not timely diagnosed and/or appropriately treated for lung cancer.

32. That as a result of the negligence of Syracuse VA Medical Center through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., the Plaintiff's decedent was not diagnosed with lung cancer until August 2014.

33. One or more of the exceptions set forth in CPLR Section Sixteen Hundred Two applies to this action or claim for damages, including, but not limited to the "non-delegable duty" and "respondeat superior" liability provisions of §1602(2).

## AS AND FOR A FIRST CLAIM AGAINST THE DEFENDANT

34. Plaintiffs repeat and reallege all of the allegations in this Complaint marked and designated "1" through "33" with the same force and effect as if herein set forth at length, and further allege that:

35. That the defendant, individually and/or jointly and severally and/or collectively and/or acting through its agents, servants, employees, associates and/or contractors, carelessly and negligently rendered medical care and treatment to the Plaintiff's decedent, William K. Mann, Jr., which was not in accordance with good and accepted medical practices and/or said defendant failed to provide him with medical care and treatment that was within the boundaries of good and accepted standards.

36. That by reason of the negligence of the defendant, individually and/or jointly and severally and/or collectively and/or through its agents, servants, employees, associates and/or contractors, Plaintiff's decedent, William K. Mann, Jr. was caused to sustain severe, catastrophic and irreparable physical and mental injuries and damages, as well as conscious physical and mental pain and suffering.

37. That by reason of the above, the Plaintiff's decedent, William K. Mann, Jr. has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A SECOND CLAIM AGAINST THE DEFENDANT

38. Plaintiffs repeat and reallege all of the allegations in this Complaint marked and designated "1" through "33," and "35" through "36," with the same force and effect as if herein set forth at length, and further allege:

39. That at no time during the aforementioned care and treatment from May 2011

6

until August 2014 did the defendant, individually and/or jointly and severally and/or collectively and/or acting through its agents, servants, employees, associates, contractors, principals and/or other designees, including John C. Sanborn, M.D., orally or in writing, properly advise the Plaintiff's decedent, William K. Mann, Jr. of the chest x-ray results, or of the possible risks and dangers, or of the possibility of permanent injuries and damages occurring to his body as a result of the medical care and treatment that was rendered, or the medical care and treatment that should have been rendered, under the circumstances then and there presenting, nor was the Plaintiff's decedent ever advised that he may suffer severe personal injuries or damages and, had the defendant or any of its agents, servants, employees, associates, contractors and/or designees informed or advised the Plaintiff's decedent of the possible risks and dangers involved, he would not have been lulled into a false sense of security and would not have consented to the treatment rendered, or the lack thereof, which resulted in his injuries and damages.

40. That reasonably prudent persons in the Plaintiff's decedent position would not have consented to, undergone the course of treatment prescribed by the defendant, that was rendered to the Plaintiff's decedent had he been fully informed, and such a lack of informed consent is a further proximate cause of the injuries and damages sustained by William K. Mann, Jr., for which recovery is sought.

41. By reason of the aforesaid, the Plaintiff's decedent, William K. Mann, Jr. has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A THIRD CLAIM AGAINST THE DEFENDANT

42. Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "33", and "35" through "36", and "39" through "40" with the same force and effect as if more fully set forth here and further allege:

43. As a result of the injuries suffered by the Plaintiff's decedent, William K. Mann, Jr, he died on March 3, 2016.

44. By reason of the aforesaid, the Plaintiff's decedent, William K. Mann, Jr., and his distributees have been damaged by reason of his wrongful death in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A FOURTH CLAIM AGAINST THE DEFENDANT

45. Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "33", and "35" through "36", and "39" through "40", and "43" with the same force and effect as if more fully set forth here and further allege:

46. At all times material hereto, plaintiff, Vicki Mann, was the lawful wife of the decedent, William K. Mann, Jr.

47. As the wife of William K. Mann, Jr., plaintiff, Vicki Mann was entitled to the services, society and companionship of her husband.

48. By reason of the facts aforesaid plaintiff, Vicki Mann, has been, and in the future will continue to be, deprived of the services, society and companionship of William K. Mann, Jr., her husband.

49. By reason of the foregoing, plaintiff, Vicki Mann, has been damaged in a sum of money having a present value of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00).

**WHEREFORE**, Plaintiffs demand judgment against the defendant:

A. On the First Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

B. On the Second Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

C. On the Third Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

D. On the Fourth Cause of Action, in a sum of money having a present value of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00);

E. Together with the costs and disbursements of this action.

DATED: August 26, 2016

*[signature]*
Margie A. Soehl
USDC NDNY Bar Roll #516092
POWERS & SANTOLA, LLP
Attorneys for Plaintiffs
Office and P.O. Address
39 North Pearl Street
Albany, New York 12207
msoehl@powers-santola.com
(518) 465-5995

To: Karen Folster Lesperance
Assistant United States Attorney
Attorneys for Defendant
Northern District of New York
James T. Foley, U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207
Karen.Lesperance@usdoj.gov
(518) 431-0247

# EXHIBIT "1"

## FEDERAL TORT CLAIMS ACT

## STANDARD FORMS 95

*(without medical records)*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit to Appropriate Federal Agency:<br><br>United States Department of Veterans Affairs<br>Syracuse VA Medical Center<br>800 Irving Avenue,<br>Syracuse, NY 13210 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>William K. Mann,                    , Utica, NY 13502<br>Margie A. Soehl, Esq., Powers & Santola, LLP, 39 North Pearl Street, Albany, NY 12207 | |

| 3. TYPE OF EMPLOYMENT<br>[ ] MILITARY [X] CIVILIAN | 4. DATE OF BIRTH<br>1958 | 5. MARITAL STATUS<br>married | 6. DATE AND DAY OF ACCIDENT<br>05/25/2011 | 7. TIME (A.M. OR P.M.)<br>2:38 P.M. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Dr. John C. Sanborn of Syracuse VA Medical Center, New York failed to properly read and report claimant's, William K. Mann, chest x-ray dated May 25, 2011 that showed a mass in Mr. Mann's lung. In August 2014, Mr. Mann was first advised and diagnosed with adenocarcinoma of the lung with spread to thoracic spine. His prognosis is poor with survival rate could be 50% at 1 year. Dr. Sanborn and the Syracuse VA failed to timely diagnose and/or treat Mr. Mann's lung cancer and he is now waiting for his impeding death.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant, William K. Mann, has Stage IV adenocarcinoma of the lung as a consequence of the three year delay in treatment.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| William Marx, MD. (Chief of Staff at Syr. VA) | Syracuse VA Medical Center, 800 Irving Avenue, Syracuse, NY 13210 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 4,000,000 | 0.00 | 4,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*William K. Mann Jr.* | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE<br>10/02/2011 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No

**17. If deductible, state amount.**

0.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**
Not applicable

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

*Complete all items - Insert the word NONE where applicable.*

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: United States Department of Veteran Affairs Syracuse VA Medical Center 800 Irving Avenue Syracuse, NY 13210 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. Vicky Mann, , Utica, NY 13502 Margie A. Soehl, Esq. Powers & Santola, LLP, 39 North Pearl Street, Albany, NY 12207 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 1962 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 05/25/2011 | 7. TIME (A.M. OR P.M.) 2:38 P.M. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Dr. John C. Sanborn of Syracuse VA Medical Center, New York failed to properly read and report claimant's, William K. Mann, chest x-ray dated May 25, 2011 that showed a mass in Mr. Mann's lung. In August 2014, Mr. Mann was first advised and diagnosed with adenocarcinoma of the lung with spread to thoracic spine. His prognosis is poor with survival rate could be 50% at 1 year. Dr. Sanborn and the Syracuse VA failed to timely diagnose and/or treat Mr. Mann's lung cancer and he is now waiting for his impeding death. Claimant, William K. Mann, is the husband of Vicky Mann.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant, William K. Mann, has adenocarcinoma of the lung with spread to thoracic spine as a consequence of the three year delay in treatment.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| William Marx, M.D. | Chief of Staff at Syracuse VA Medical Center, 800 Irving Avenue, Syracuse, NY |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 500,000.00 | 0.00 | 500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). *Dick N. Mann* | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE 10/02/20 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No

**17. If deductible, state amount.**

0.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

Not applicable

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

# EXHIBIT "2"

**May 18, 2015 U.S. Department of Veterans Affairs Denial Letter to William K. Mann, Jr. and Vicki Mann**



**DEPARTMENT OF VETERANS AFFAIRS**
Buffalo Regional Counsel
Vermont Area Office
215 North Main Street
White River Junction, VT 05009-0001
TEL: (802) 296-5116
FAX: (802) 296-5187

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

May 18, 2015

In Reply Refer To: 02-WRJ(NJN)
GCLAWS# 8470

Margie A. Soehl, Esq.
Powers & Santola, LLP
39 N. Pearl Street, 6th Floor
Albany, NY 12207



Re: Administrative Tort Claims of William K. Mann and Vicky Mann

Dear Ms. Soehl:

This constitutes final administrative action on the claims you filed on behalf of William K. Mann and Vicky Mann against the Department of Veterans Affairs (VA) in the amounts of $4,000,000.00, and $500,000.00 respectively. The claims allege, among other things, negligence by VA employees in failing to timely diagnose and treat Mr. Mann's lung cancer.

We have carefully reviewed and thoroughly investigated this matter. However, based upon your recent discussions and correspondence with attorney Neil Nulty of our White River Junction, Vermont Area Office, it has become apparent that this matter is simply not amenable to administrative resolution. Accordingly, the claim is hereby denied.

If you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

In the alternative, if you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means:

(1) by mail to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420;
(2) by data facsimile (fax) to (202) 273-6385; or
(3) by electronic mail (e-mail) to OGC.torts@mail.va.gov

To be timely, VA must <u>receive</u> this request within six months of the mailing of this final denial. The VA has six months to act on the reconsideration request. After that time, you

2

have the option of filing suit in an appropriate U.S. District Court under 28 U.S.C. § 2675(a).  (28 C.F.R. § 14.9).

Notwithstanding the above, this is not intended to imply that any request for reconsideration and/or suit, if filed, would be successful.

Sincerely,

JOSEPH G. MORENO
Regional Counsel





**Office of the Regional Counsel (02)**
120 LeBrun Road
Buffalo NY 14215

OFFICIAL BUSINESS
Penalty for private use $300



7013 0600 0001 3720 1506

Return
Receipt
Requested

neopost
05/18/2015
US POSTAGE $006.



ZIP 14
041L122

FIRST-CLA

12207278506