UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Christina M. Mann and William K. Mann, III, Co-Executors of the Estate of William K. Mann, Jr., and Vicki Mann,

                      **Plaintiffs,**

vs.

United States of America,

                      **Defendant.**

**SECOND AMENDED COMPLAINT**

Civil Action No. 6:15-CV-645 [MAD/ATB]

---

Plaintiffs, Christina M. Mann and William K. Mann, III, Co-Executors of the Estate of William K. Mann, Jr., and Vicki Mann, by and through their attorneys, Powers & Santola, LLP, as and for a complaint against the Defendant, United States of America, allege that at all times hereinafter mentioned:

## INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence and medical malpractice in connection with medical care provided to plaintiff's decedent William K. Mann, Jr., by the Department of Veterans Affairs at the Syracuse Veteran Affairs Medical Center located at 800 Irving Avenue, Syracuse, NY 13210.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal

        Tort Claims Act.

4. On October 3, 2014, Plaintiff's decedent, William K. Mann, Jr., filed a form 95, Claim for Injury, Damage or Death with the United States Department of Veterans Affairs, Office of Regional Counsel, Region 21, Syracuse Area Office, 800 Irving Avenue, Syracuse, New York 13210, by certified mail, which claim was acknowledged to have been received by the agency's Regional Counsel as of October 16, 2014. Standard Form 95, without medical records, is attached as Exhibit 1.

5. On October 3, 2014, Plaintiff, Vicki Mann, filed a form 95, Claim for Injury, Damage or Death with the United States Department of Veterans Affairs, Office of Regional Counsel, Region 21, Syracuse Area Office, 800 Irving Avenue, Syracuse, New York 13210, by certified mail, which claim was acknowledged to have been received by the agency's Regional Counsel as of October 16, 2014. Standard Form 95, without medical records, is attached as Exhibit 2.

6. On May 18, 2015, the Claims of William K. Mann, Jr. and Vicki Mann against the United States Department of Veterans Affairs were denied and as such, they may proceed with this action. The denial is attached as Exhibit 3.

7. On May 21, 2015, William K. Mann, Jr., and Vicki Mann, filed a Complaint in the United States District Court, Northern District of New York.

8. On July 21, 2017, William K. Mann, III and Cristina M. Mann as Co-executors of the estate of William K. Mann, Jr., filed a form 95, Claim for Injury, Damage or Death, alleging among other things, personal injury and wrongful death, with the United States Department of Veterans Affairs, Office of Chief Counsel, 120 Le Brun Road, Buffalo, New York 14215, by personal service. Standard Form 95, without medical records, is attached as Exhibit 4.

9. On July 26, 2017, the Claim of William K. Mann, III and Cristina M. Mann as Co-executors of the estate of William K. Mann, Jr., against the United States Department of Veterans Affairs was denied and as such, they wish to amend this Complaint. The denial is attached as Exhibit 5.

## **PARTIES, JURISDICTION AND VENUE**

10. Vicki Mann was and is a resident of the City of Utica, County of Oneida and State of New York.

11. Vicki Mann was the lawful wife of the Plaintiff's decedent, William K. Mann, Jr.

12. William K. Mann, Jr. died on March 3, 2016 in Utica, New York.

13. At the time of his death, William K. Mann, Jr. was a resident of the City of Utica, County of Oneida, State of New York.

14. Christina M. Mann and William K. Mann, III are the children of Plaintiff's decedent, William K. Mann, Jr.

15. On the 18th day of July, 2016, by a Decree of the Oneida County Surrogate Court, Christina M. Mann and William K. Mann, III were issued Letters Testamentary for the Estate of William K. Mann, Jr., appointing Christina M. Mann and William K. Mann, III as Co-Executors of the Estate of William K. Mann, Jr.

16. That those Letters of Testamentary remain in full force and effect.

17. Upon information and belief, Defendant, United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 800 Irving Avenue, Syracuse, NY 13210.

18. Upon information and belief, the Syracuse Veterans Affairs Medical Center (hereinafter "Syracuse VA Medical Center"), was and is a health care facility that held itself out to the Plaintiff decedent and his eligible beneficiaries, as a provider of high

quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff's decedent.

19. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of Syracuse VA Medical Center, including John C. Sanborn, M.D., were employed by and/or acting on behalf of the Defendant.

20. That upon information and belief, at all times herein relevant, John C. Sanborn, M.D. was a practicing medical doctor, licensed to practice medicine in the State of New York, who specialized in the field of radiology.

21. Upon information and belief, and at all times material hereto, including May 25, 2011, and for some time thereafter, John C. Sanborn, M.D., was an employee of the defendant.

22. That upon information and belief, at all times relevant hereto, John C. Sanborn, M.D. was a duly authorized agent of the Syracuse VA Medical Center, and was acting within the scope of his employment and agency.

23. Upon information and belief, and at all times herein mentioned, John C. Sanborn, M.D. held himself out to the Plaintiff's decedent William K. Mann, Jr., as being a physician who was competent and qualified in the field of radiology.

24. Upon information and belief, the Plaintiff's decedent, William K. Mann, Jr., received medical care, treatment, examinations, diagnostic testing and/or other medical procedures commencing on or about 2011, and continuing through at least August 2014, at various VA Medical Centers in a continuing course of treatment.

25. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

26. Venue is proper under 28 USC §1402(b) in that the acts and omissions forming the

basis of these claims occurred in the Northern District of New York.

## FACTUAL ALLEGATIONS

27. Upon information and belief, on May 25, 2011, the Plaintiff's decedent, William K. Mann, Jr. presented himself for medical care and treatment at the Syracuse VA Medical Center at the office located at 800 Irving Avenue, Syracuse, New York 13210

28. Upon information and belief, on May 25, 2011, the Plaintiff's decedent, William K. Mann, Jr. while at Syracuse VA Medical Center came under the care of its employee, John C. Sanborn, M.D.

29. Upon information and belief, on May 25, 2011, the Plaintiff's decedent, William K. Mann, Jr. underwent a chest x-ray read, interpreted and reported by John C. Sanborn, M.D.

30. Upon information and belief, John C. Sanborn, M.D. negligently failed to properly read, interpret and report the chest x-ray of May 25, 2011.

31. Upon information and belief, John C. Sanborn, M.D. negligently failed to report that the chest x-ray of May 25, 2011 shows a mass in William K. Mann, Jr.'s lung.

32. Upon information and belief, John C. Sanborn, M.D., negligently failed to inform the Plaintiff's decedent, William K. Mann, Jr., or to advise the other medical care providers of Syracuse VA Medical Center, that the chest x-ray of May 25, 2011 showed a mass in his lung.

33. Upon information and belief, Syracuse VA Medical Center, through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., negligently failed to inform the Plaintiff's decedent,

William K. Mann, Jr. that the chest x-ray of May 25, 2011 showed a mass in his lung.

34. That as a result of the negligence of Syracuse VA Medical Center through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., the Plaintiff's decedent was not timely diagnosed and/or appropriately treated for lung cancer.

35. That as a result of the negligence of Syracuse VA Medical Center through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including John C. Sanborn, M.D., the Plaintiff's decedent was not diagnosed with lung cancer until August 2014.

36. One or more of the exceptions set forth in CPLR Section Sixteen Hundred Two applies to this action or claim for damages, including, but not limited to the "non-delegable duty" and "respondeat superior" liability provisions of §1602(2).

## AS AND FOR A FIRST CLAIM AGAINST THE DEFENDANT

37. Plaintiffs repeat and reallege all of the allegations in this Complaint marked and designated "1" through "36" with the same force and effect as if herein set forth at length, and further allege that:

38. That the defendant, individually and/or jointly and severally and/or collectively and/or acting through its agents, servants, employees, associates and/or contractors, carelessly and negligently rendered medical care and treatment to the Plaintiff's decedent, William K. Mann, Jr., which was not in accordance with good and accepted medical practices and/or said defendant failed to provide him with medical care and treatment that was within the boundaries of good and accepted standards.

39. That by reason of the negligence of the defendant, individually and/or jointly and severally and/or collectively and/or through its agents, servants, employees, associates and/or contractors, Plaintiff's decedent, William K. Mann, Jr. was caused to sustain severe, catastrophic and irreparable physical and mental injuries and damages, as well as conscious physical and mental pain and suffering.

40. That by reason of the above, the Plaintiff's decedent, William K. Mann, Jr. has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A SECOND CLAIM AGAINST THE DEFENDANT

41. Plaintiffs repeat and reallege all of the allegations in this Complaint marked and designated "1" through "36," and "38" through "40," with the same force and effect as if herein set forth at length, and further allege:

42. That at no time during the aforementioned care and treatment from May 2011 until August 2014 did the defendant, individually and/or jointly and severally and/or collectively and/or acting through its agents, servants, employees, associates, contractors, principals and/or other designees, including John C. Sanborn, M.D., orally or in writing, properly advise the Plaintiff's decedent, William K. Mann, Jr. of the chest x-ray results, or of the possible risks and dangers, or of the possibility of permanent injuries and damages occurring to his body as a result of the medical care and treatment that was rendered, or the medical care and treatment that should have been rendered, under the circumstances then and there presenting, nor was the Plaintiff's decedent ever advised that he may suffer severe personal injuries or damages and, had the defendant or any of its agents, servants,

employees, associates, contractors and/or designees informed or advised the Plaintiff's decedent of the possible risks and dangers involved, he would not have been lulled into a false sense of security and would not have consented to the treatment rendered, or the lack thereof, which resulted in his injuries and damages.

43. That reasonably prudent persons in the Plaintiff's decedent position would not have consented to, undergone the course of treatment prescribed by the defendant, that was rendered to the Plaintiff's decedent had he been fully informed, and such a lack of informed consent is a further proximate cause of the injuries and damages sustained by William K. Mann, Jr., for which recovery is sought.

44. By reason of the aforesaid, the Plaintiff's decedent, William K. Mann, Jr. has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A THIRD CLAIM AGAINST THE DEFENDANT

45. Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "36", and "38" through "40", and "42" through "44" with the same force and effect as if more fully set forth here and further allege:

46. As a result of the injuries suffered by the Plaintiff's decedent, William K. Mann, Jr, he died on March 3, 2016.

47. By reason of the aforesaid, the Plaintiff's decedent, William K. Mann, Jr., and his distributees have been damaged by reason of his wrongful death in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A FOURTH CLAIM AGAINST THE DEFENDANT

48. Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "36", and "38" through "40", and "42" through "44", and "46" through "47" with the same force and effect as if more fully set forth here and further allege:

49. At all times material hereto, plaintiff, Vicki Mann, was the lawful wife of the decedent, William K. Mann, Jr.

50. As the wife of William K. Mann, Jr., plaintiff, Vicki Mann was entitled to the services, society and companionship of her husband.

51. By reason of the facts aforesaid plaintiff, Vicki Mann, has been, and in the future will continue to be, deprived of the services, society and companionship of William K. Mann, Jr., her husband.

52. By reason of the foregoing, plaintiff, Vicki Mann, has been damaged in a sum of money having a present value of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00).

**WHEREFORE**, Plaintiffs demand judgment against the defendant:

A. On the First Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

B. On the Second Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

C. On the Third Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

D. On the Fourth Cause of Action, in a sum of money having a present value of up to

Five Hundred Thousand and 00/100 Dollars ($500,000.00);

E.   Together with the costs and disbursements of this action.

DATED:  August 3, 2017

_____
Amber L. Wright
USDC NDNY Bar Roll #520017
POWERS & SANTOLA, LLP
Attorneys for Plaintiffs
Office and P.O. Address
39 North Pearl Street
Albany, New York 12207
awright@powers-santola.com
(518) 465-5995

To:  Karen Folster Lesperance
     Assistant United States Attorney
     Attorneys for Defendant
     Northern District of New York
     James T. Foley, U.S. Courthouse
     445 Broadway, Room 218
     Albany, NY  12207
     Karen.Lesperance@usdoj.gov
     (518) 431-0247